**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| *KARA ROSS*, | ) |
|     Plaintiff, | ) |
| | ) |
| *v.* | ) |
| | ) |
| *FINANCIAL ASSET MANAGEMENT* | ) |
| *SYSTEMS, INC.*, | ) |
|     Defendant. | ) |

## COMPLAINT

Plaintiffs Kara Ross, by her counsel, Paúl Camarena respectfully complains as follows:

### Introduction.

1)      The Fair Debt Collection Practices Act prohibits debt collectors from communicating

with any person who is not the debtor more than once and from causing a telephone to ring

repeatedly with the intent to annoy the person called.  In the case at bar, Debt Collector-

Defendant Financial Asset Management Systems, Inc. violated these prohibitions of the FDCPA.

### Jurisdiction and Venue.

2)      Pursuant to 28 U.S.C. § 1331, United States District Courts have jurisdiction over this

case because this case arises under the laws of the United States.  Pursuant to 28 U.S.C.

§ 1391(b)(2), the Northern District of Illinois, Eastern Division, is the proper venue because a

substantial part of the events and omissions giving rise to this action occurred within the Eastern

Division.

### Parties.

3)      Plaintiff Kara Ross is a "consumer" as that term is defined in the Fair Debt Collection

Practices Act at 15 U.S.C. § 1692a(3); and Kara Ross resides within the Eastern Division.

4)      Defendant Financial Asset Management Systems, Inc. is a "debt collector" as that term is

defined in the Fair Debt Collection Practices Act at 15 U.S.C. § 1692a(6).

5) Defendant Financial Asset Management Systems, Inc. is also a Corporation incorporated in the State of Georgia and authorized to transact business in Illinois. According to Defendant Financial Asset Management System's website, the Defendant has "34 + Years of [ ] Experience," has made "14,191,983 + Call Attempts," and has had "550,481 + Accounts Serviced."

## Factual Allegations.

6) Debt Collector-Defendant Financial Asset Management placed a telephone call to Kara Ross' phone, Kara Ross answered that call, and the Defendant asked to speak with another consumer. However, Kara Ross notified Defendant Financial Asset Managemen that it had placed a call to Kara Ross' phone, that only Kara Ross uses her phone, and that the other consumer does not use her phone.

7) Even after Kara Ross notified Defendant Financial Asset that it had placed a telephone call to Kara Ross' phone and that only Kara Ross uses her phone, the Defendant repeatedly placed more calls to Kara Ross' phone, upon information and belief, for the purpose of acquiring location information about the other consumer.

8) In connection with the collection of a debt allegedly owed by the other consumer, Defendant Financial has repeatedly placed calls to Kara Ross' phone and then has repeatedly asked to speak with the other consumer, even after Kara Ross notified the Defendant that the other consumer does not use her phone. Defendant Financial has also caused Kara Ross' telephone to ring continuously, has caused Kara Ross to answer the Defendant's call, and then has simply disconnect that call without making any statements at all.

9) Defendant Financial's telephone calls to Kara Ross were, *inter alia*, pestiferous and were,

thus, an injury under Article III of the United States Constitution. *Gunn v. Thrasher, Buschmann & Voelkel*, 982 F.3d 1069 (7th Cir. December 15 2020) ("pestiferous text messages, spam phone calls, and unwelcome faxes can cause cognizable injury for the reasons [the Seventh Circuit] gave in *Gadelhak* when explaining how the common law treats noises and other aggravating intrusions").

## Causes of Action.

### Count One  (15 U.S.C. § 1692b(3)).

10)     The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692b(3), provides that a "debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall... not communicate with any such person more than once."

11)     Defendant Financial violated Subsection 1692b(3) by repeatedly placing telephone calls to Kara Ross' phone and speaking with her more than once, upon information and belief, for the purpose of acquiring location information about another consumer.

### Count Two  (15 U.S.C. § 1692d(5)).

12)     The Fair Debt Collection Practices Act, at 15 U.S.C. § 1692d(5), prohibits debt collectors from "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

13)     Defendant Financial violated Subsection 1692d(5) by disconnecting its own telephone call (without making any statements at all) after Kara Ross answered the Defendant's call and by repeatedly placing calls to Kara Ross' phone, even after Kara Ross notified the Defendant that the Defendant's targeted consumer does not use her phone.

**<u>Prayer for Relief.</u>**

WHEREFORE, Kara Ross respectfully prays that this Court holds a trial by jury and

enters judgment in her favor (and against Defendant Financial) for her actual damages, statutory

damages, and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k.

        Respectfully submitted,
        Plaintiff's, Kara Ross', Counsel
        North & Sedgwick, L.L.C.
by:    */s/ Paúl Camarena*
        Paúl Camarena, Esq.
        500 So. Clinton, No. 132
        Chicago, IL 60607
        paulcamarena@paulcamarena.com
        (312) 493-7494